[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband on September 24, 1976 in Hamden, Connecticut.
The court has jurisdiction, in that the plaintiff wife has resided in the State of Connecticut, continuously, for at least one year up to the date of the filing of the complaint.
No children have been born to the wife during the course of the marriage.
The marriage has broken down irretrievably, there is no prospect of any reconciliation and a decree of dissolution may CT Page 2871 enter.
At the time of the marriage, the wife testified that she had $7000 which she placed into a joint account. In 1980, they purchased a house with $30,000 from a joint account and $4000 which came from plaintiff's mother.
The problems in the marriage appear to have started sometime in 1983 when the husband started to come home late at night. In 1987, the husband vacated the marital premises, telling his wife that he was going to move in with one Bob Herman. Apparently, the husband moved in with his girlfriend, Deane Pivoratto.
Just before he vacated, he took $10,000 from a joint account and gave it to his girlfriend. The wife was able to keep $10,000 which she claimed came from her mother. During the separation, the husband has maintained the payment of the marital home mortgage.
The court finds that the cause of the breakdown of the marriage is primarily attributable to the husband's behavior.
Taking into consideration all of the testimony and the mandates of Connecticut General Statutes 46b-81 and 46b-82, the court further orders as follows:
1. The husband shall transfer all his right, title and interest in the marital premises to the wife. The wife shall be responsible for the payment of the mortgage, taxes, insurance, maintenance, etc., and shall hold the husband harmless in indemnifying him from any and all claims.
The wife shall further execute and deliver to the husband, a non interest mortgage deed and note providing, inter alia, that the wife shall pay to the husband, 25% of the net value upon the happening of the first of the following events:
1. death of either party;
2. sale or remortgage of the premises;
3. wife's vacating the marital premises;
4. remarriage by the wife;
5. five years from the date of this decree.
Net proceeds are defined as those proceeds which remain after the payment of the first mortgage, real estate commission, CT Page 2872 if any, attorneys' fees (if any) and closing costs (if any).
2. Husband shall pay to the wife, within 90 days, the sum of $5000 as lump sum alimony.
3. All of the furnishings presently in the marital home shall become the sole and exclusive property of the wife.
4. Each of the parties shall be responsible for his or her own liabilities and for his or her own costs and attorney's fees.
5. The plaintiff may resume her maiden name of Lisa Valentino.
SOCRATES H. MIHALAKOS, JUDGE